## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| INPRES, INC. and TWM IP LLC )<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>ALLTRISTA PLASTICS LLC )<br>)<br>Defendant. ) | Civil Action No.: 1:25-cv-131 |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiffs Inpres, Inc. and TWM IP LLC, ("Plaintiffs"), brings this action for patent infringement of U.S. Patent No. 9,585,460 (the "'460 Patent") against Alltrista Plastics LLC ("Defendants"), and allege as follows:

## NATURE OF THE ACTION

1. This is a patent infringement action to stop Defendant's infringement of the '460 Patent ("the Asserted Patent"), issued by the United States Patent Office, a copy of which is attached as Exhibit A, and to seek damages for Defendant's infringement, which includes willful copying of Plaintiff's technology.

## PARTIES

2. Plaintiff Inpres, Inc. is a corporation organized and existing under the laws of Illinois and maintains its principal place of business at 1200 Flex Court, Lake Zurich, IL 60047.

3. Plaintiff TWM IP LLC is a corporation organized and existing under the laws of Illinois and maintains its principal place of business at 1200 Flex Court, Lake Zurich, IL 60047.

4. Defendant Alltrista Plastics LLC is an Indiana limited liability company with its principal place of business at 1303 S. Batesville Road, Greer, SC 29650.

## JURISDICTION

5. This is an action for patent infringement arising under the patent laws of the United States, Title 35 of the United States Code.

6. This Court has exclusive subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

7. This Court has general personal jurisdiction over Defendant because it is incorporated in Indiana, has continuous and systematic contacts with this District, and maintains an ongoing presence in this District. As described below, the Defendant has committed acts of patent infringement giving rise to this action.

8. This Court also has specific personal jurisdiction over the Defendant because it has directed activities relating to the accused of infringement at residents of Indiana. These actions establish minimum contacts with Indiana such that jurisdiction comports with the Indiana Long-Arm Statute and the United States Constitution.

## VENUE

9. Venue is proper in this District under 28 U.S.C. § 1391(b) and (c), and 28 U.S.C. § 1400(b), because the Defendant is incorporated in this District, has a regular and established place of business in this District, and has committed acts of infringement in this District.

## PATENT-IN-SUIT

10. TWM IP LLC is the assignee of the '460 Patent.

11. Inpres, Inc. is the exclusive licensee with the right to enforce the '460 Patent.

12. The '460 Patent, entitled "Screw-Based Dispenser Having Locking Elevator and Elevator Retention Mechanism," issued on March 7, 2017. The '460 Patent is based on and claims priority benefit of the Provisional Application No. 61/839,556, filed on June 26, 2013.

13. The '460 Patent relates to dispensers used for the propelling and repelling of applicable gels, liquids, and solids, and more specifically, to screw-based dispensers using movable elevators to propel and repel consumer products such as balms, creams, deodorants, anti-chafe gels, and other cosmetics. Ex. A at 1:15-20.

## THE INPRES TECHNOLOGY

14. A problem with propel/repel dispensers for lip balm and similar substances was a tendency for the elevator, whose axial motion in a lip balm casing is driven by a rotatable screw, to prematurely advance in a direction toward a dispensing end of the casing prior to filling of the casing with the material to be dispensed, a problem sometimes called "up-elevator".

15. The inventors devised a solution to the "up-elevator" problem, and filed a patent application on that solution, which issued as the '460 Patent.

16. The named inventors of the '460 Patent are Gordon D. Wade, Greg McMurray, and Wayne A. Huerth. The first-named inventor, Mr. Gordon D. Wade, was employed by Inpres, Inc. until about March 2015.

## ALLTRISTA'S INFRINGEMENT

17. In approximately June 2018, Alltrista, at that time doing business under the name Jarden Plastics, purchased from Inpres a "truck load" of lip balm dispensers, totaling 2.1 million units, all of which embodied the elevator retention mechanism invention as claimed in the '460 Patent.

18. In connection with its review of sample products from Inpres, Alltrista requested and was provided the detailed material specification and engineering drawings for Inpres's patented lip balm dispensers. Inpres provided these materials, which included the labels "Property of: Inpres, Inc.," and "CONFIDENTIAL AND PROPRIETARY," explaining that the technical specification and drawings were "exclusive property of INPRES, Inc. and … [n]o

3

rights, title or interests are conveyed or licensed to recipient or authorization given to copy, manufacture, or reverse engineer this INPRES property."

19. In approximately August 2018, Alltrista complained that Inpres's lip balm dispensers leaked during filling. Inpres tried to verify the problem but confirmed that the lip balm dispensers were produced within specification, operated as intended, and Inpres did not agree that the lip balm dispensers were in any way defective. Regardless, Inpres agreed to allow Alltrista to return almost all of the 2.1 million units in exchange for a refund, less a 30% restocking fee.

20. Some time after returning the Inpres lip balm dispensers, and still in possession of Inpres's technical drawings and specifications, Alltrista began manufacturing its own lip balm dispensers with Inpres's patented elevator retention mechanism as claimed in the '460 Patent.

21. Inpres later learned that former employee and first-named inventor of the '460 Patent, Gordon D. Wade, after leaving Inpres, started his own company and had been providing engineering services to Alltrista.

## THE ACCUSED PRODUCTS

22. Claim 1 of the '460 Patent recites a screw-based dispenser with a cylindrical outer casing. The dispenser has a screw connected to a base, and a movable elevator through which the screw is threaded. The dispenser has an elevator locking mechanism that comprises a convex protrusion disposed on the threaded screw, and a concave depression in the movable elevator.

23. Alltrista's infringing lip balm dispenser meets each and every limitation of at least Claim 1 of the '460 Patent, including having the recited screw-based dispenser, cylindrical outer casing, threaded screw, movable elevator with a concave depression, and locking mechanism with a convex protrusion.



## JURY DEMAND

24. Under Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs respectfully request a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request the following relief:

A. A judgment that the '460 Patent is valid and enforceable;

B. A judgment that Defendants have infringed one or more claims of the '460 Patent;

C. An award of money adequate to compensate Plaintiffs for Defendant's infringement in the form of lost profits and/or a reasonable royalty, and including pre- or post-judgment interest, costs, and disbursements as justified under 35 U.S.C. § 284;

5

    D.    A determination that Defendants' infringement was willful and an award of treble damages in accordance with 35 U.S.C. § 284;

    E.    A determination that this case is exceptional within the meaning of 35 U.S.C. § 285 and that Plaintiffs be awarded their reasonable attorney fees against Defendant that they incur in prosecuting this action;

    F.    An award of Plaintiffs' costs, and expenses that they incur in prosecuting this action; and

    G.    An award of such further relief at law or in equity, such as preliminary and/or permanent injunctive relief, as the Court deems just and proper.

## **DEMAND FOR JURY TRIAL**

Plaintiffs demand trial by jury on all claims and issues so triable.

Dated: January 21, 2025                                        Respectfully submitted,

                                                                                      By: */s/ Benjamin T. Horton*
Benjamin T. Horton
Kelley S. Gordon
Christopher J. Hall
MARSHALL, GERSTEIN & BORUN LLP
233 South Wacker Drive
6300 Willis Tower
Chicago, Illinois 60606-6357
Telephone: (312) 474-6300
Facsimile: (312) 474-0448
bhorton@marshallip.com
kgordon@marshallip.com
chall@marshallip.com

*Attorneys for Plaintiffs*
*Inpres, Inc. and TWM IP LLC*